UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Peter D. Roman,

                  Plaintiff,

–v–

Warden F. Phipps, *et al.*,

                  Defendants.

18-cv-3998 (AJN)

OPINION & ORDER

ALISON J. NATHAN, District Judge:

    Plaintiff brings this action under 42 U.S.C. § 1983. Defendants have moved to dismiss for failure to prosecute. For the reasons that follow, Defendants' motion is granted.

## I. PROCEDURAL HISTORY

    Pro se Plaintiff Peter D. Roman filed his Complaint in this case on May 3, 2018. Dkt. No. 1. He alleged that he was incarcerated in the Eric M. Taylor Center, located on Riker's Island, and being held in the custody of the New York City Department of Correction. *Id.* at 3. He further alleged that "Corrections Officer Robinson" severely harassed him over many months and that the facility was deliberately indifferent to his safety. *Id.* at 8. He named as Defendants the City of New York, the Warden of the facility, and Officer Robinson. *Id.* at 1.

    Over the following months, Plaintiff was dilatory as to numerous deadlines. For example, shortly after the Complaint was filed, the Court requested that all Defendants waive service. Dkt. No. 6. Plaintiff however had not provided any personally identifying information as to "Corrections Officer Robinson," beyond his last name, and the City was thus unable to waive service as to him. Dkt. No. 10. The City served identification interrogatories upon Plaintiff, but he did not respond until several weeks after the deadline. Dkt. Nos. 10, 16.

1

Similarly, Plaintiff responded to an order to update his address several weeks late, without any explanation. Dkt. Nos. 13, 14.

In September 2018, Magistrate Judge Fox held an initial conference and the Court adopted a scheduling plan for discovery. Dkt. No. 20, 21. To date, Plaintiff has not complied with several of his obligations under that Plan, such as turning over his initial disclosures and responding to Defendants' interrogatories and requests for production. *See* Dkt. No. 42, Exs. F, G, H. In December 2018, the Court held another conference to address these deficiencies. Plaintiff represented that he would comply with his discovery obligations within the next two days, but ultimately did so only weeks later. Dkt. No. 28. Because of the special solicitude afforded to *pro se* litigants, the Court nonetheless extended discovery by one month. Dkt. No. 27.

In January 2019, Defendants provided notice to Plaintiff regarding his scheduled deposition the following month. Dkt. No. 42, Ex. L. They also sent a follow-up letter confirming the time and date. *Id.*, Ex. J. Plaintiff however failed to appear at his deposition. *Id.*, Ex. K. Defendants later served another notice of deposition, by hand delivery, on Plaintiff for a later time and date. *Id.*, Ex. O. Plaintiff again failed to appear, and Plaintiff's deposition was never taken. *Id.*, Ex. P.

In March 2019, Defendants moved to dismiss this case for failure to prosecute. Dkt. No. 40. Magistrate Judge Fox ordered Plaintiff to file a reply by April 4, 2019. Dkt. No. 39. Plaintiff failed to do so. On April 10, 2019, the Court issued an order stating, "The Court hereby gives the *pro se* Plaintiff a final chance to file an opposition to Defendant's motion no later than April 26, 2019." Dkt. No. 44. The Court also gave Plaintiff the option of filing a letter stating that he did not intend to oppose the motion. *Id.* The Court warned that "If no brief or letter is

2

filed, the Court may dismiss this action for failure to prosecute." *Id*. Plaintiff never filed an opposition brief or letter; he has made no filings at all. Defendants' motion to dismiss for failure to prosecute is thus unopposed and now before the Court.

## II. DEFENDANTS' MOTION IS GRANTED

"Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action '[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). When considering a Rule 41(b) dismissal, the court weighs five factors: "(1) the duration of the plaintiff's failure to comply with the court order; (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard[;] and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Id.* (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).

Applying the five factors set forth in *Baptiste*, the Court concludes that dismissal pursuant to Rule 41(b) for failure to prosecute is appropriate. To begin, Plaintiff has delayed this case by months by not appearing for two depositions, failing to conform to the discovery schedule, and not replying to multiple Court orders. Next, Plaintiff was on notice that failure to comply would result in dismissal. As early as October 2018, when Plaintiff failed to comply with his discovery obligations, Defendants informed him that such failure could result in dismissal for failure to prosecute. *See* Dkt. No. 42, Ex. F ("In the event that you fail to [respond to discovery demands], Defendants will seek judicial intervention and request that your case be dismissed for failure to prosecute."). And in their notice of deposition, Defendants expressly warned that they would move to dismiss the case for failure to prosecute if Plaintiff failed to

3

appear. *Id.*, Ex. J.  Plaintiff was also served with Defendants' letters asking the Court to order Plaintiff to attend his deposition and to warn him that failure to appear may result in dismissal. *See id.*, Exs. L, N.  Moreover, the Court's April 10, 2019 Order expressly warned Plaintiff that failure to make further filings could result in dismissal for failure to prosecute.  Dkt. No. 44.

It is true that, under the third factor, relatively little prejudice to Defendant has been occasioned by the ongoing delay in proceedings.  *But see Peart v. City of New York*, 992 F.2d 458, 462 (2d Cir. 1993) (noting that prejudice may be presumed where delay is unreasonable). Even setting this factor aside, the remainder clearly favor dismissal.  Under the fourth factor, this Court endeavors to resolve actions pending before it as quickly as possible and, consistent with the Civil Justice Reform Act, to move cases along efficiently.  The Court has provided Plaintiff with multiple opportunities to be heard, but Plaintiff has not so much as communicated with this Court since December 2018.  As other courts have noted, "[i]t is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts."  *Holcombe v. Skupien*, No. 14-cv-1448 (PAC) (JLC), 2014 WL 6879077, at *3 (S.D.N.Y. Dec. 5, 2014) (quoting *Hibbert v. Apfel*, No. 99-cv-4246 (SAS), 2000 WL 977683, at *3 (S.D.N.Y. July 17, 2000)).

Finally, the usual sanction for failure to prosecute under Rule 41(b) is dismissal with prejudice.  *See* Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.").  However, "because the sanction of dismissal with prejudice 'has harsh consequences,'" the Second Circuit has "instructed that 'it should be used only in extreme

4

situations.'" *Baptiste*, 768 F.3d at 217 (quoting *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013)).

The Court is unaware of how a lesser sanction than dismissal would prompt Plaintiff to comply with the Court's Orders given that Plaintiff has not responded to the Court's Orders or otherwise communicated an intention to participate in this case for more than one year—even after the Court provided an express warning that he faced dismissal if he did not respond by April 26, 2019. *Accord Melendez v. City of New York*, No. 12-cv-9241 (AJN), 2014 WL 6865697, at *3 (S.D.N.Y. Dec. 4, 2014). However, because this case does not present an "extreme situation," the Court will impose the lesser sanction of dismissal without prejudice. *Accord Holcombe*, 2014 WL 6879077, at *3 (recommending, in a case in which a prisoner failed to respond to the Court's orders and failed to provide a current address, that the appropriate sanction was a dismissal without prejudice).

## III.     CONCLUSION

For the reasons provided above, this case shall be dismissed without prejudice for failure to prosecute. The Clerk of Court is directed to mail a copy of this Opinion and Order to the *pro se* Plaintiff, and to note that mailing on the public docket. The Clerk of Court is further directed to close this case.

SO ORDERED.

Dated:  April 30, 2020
        New York, New York

_____
ALISON J. NATHAN
United States District Judge